**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **VIVOS ACQUISITIONS, LLC,** | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-01606-RDA-TCB |
| **HEALTH CARE RESOURCE NETWORK, LLC**, EL AL. | |
| Defendants. | |

**ORDER GRANTING**
**VIVOS ACQUISITIONS, LLC'S MOTION TO COMPEL DISCOVERY AND**
**MOTION FOR FOR DISCOVERY SANCTIONS**

This matter comes before the Court upon the motion of Plaintiff, Vivos Acquisitions, LLC ("Vivos" and/or "Plaintiff"), pursuant to Fed. R. Civ. P. 37 and Local Rule 37 to compel discovery and motion for discovery sanctions (the "Plaintiff's Motion") against Defendants Health Care Resource Network, LLC ("HCRN") and Laura Bankeroff, ("Bankeroff"), and any opposition thereto

IT APPEARING TO THE COURT AND THE COURT FINDS that:

1.      Plaintiff served the following discovery requests on March 6, 2020: (a) Plaintiff Vivos Acquisitions, LLC's First Set Of Requests For Production Of Documents To Defendant HCRN; (b) Plaintiff Vivos Acquisitions, LLC's First Set Of Interrogatories To Defendant HCRN; and (c) Plaintiff Vivos Acquisitions, LLC's First Set Of Interrogatories To Defendant Laura Bankeroff, copies of which were attached to Plaintiff's memorandum in support of Plaintiff's Motion as Exhibit A, Exhibit B, and Exhibit C, respectively ("Plaintiff's Written Discovery").

2.      That Defendants HCRN and Bankeroff did not file any objections to Plaintiff's

Written Discovery, and any objection thereto is waived.

3.      That Defendants HCRN and Bankeroff's failure to comply with their discovery obligations are not justified, particularly as they have continued to prosecute the case, including propounding their own discovery requests and filing a counterclaim.

4.      That Plaintiff, through its counsel, have made good faith efforts to resolve the discovery dispute, including multiple correspondence, which Defendants have failed to respond and/or ignored.

IT IS NOW THEREFORE ORDERED AND ADJUDICATED AS FOLLOWS:

I.      Plaintiff's Motion is GRANTED.

II.     Defendant HCRN and Bankeroff have waived any and all objections to the Propounded Discovery.

III.    That the following facts shall be taken as admitted by Defendants HCRN and Bankeroff:

    a.  Plaintiff timely paid amounts due on the subject promissory notes, including in particular all promissory notes due to Ms. Bankeroff;

    b.  Ms. Bankeroff was authorized and empowered to make payments upon the promissory notes at issue in the case, using HCRN funds.

    c.  Ms. Bankeroff previously made and accepted payments upon the promissory notes at issue in the case by Plaintiff, including payments made upon promissory notes owed to  Joann Koutsioukis.

    d.  Ms. Bankeroff was instructed to make payments upon the promissory notes, but purposed and unjustifiably failed to make payments.

2

e. Ms. Bankeroff purposefully failed to make payments so that she and co-Defendant could claim a default upon the promissory notes at issue in the case.

f. That HCRN funds were available to pay amounts due upon the promissory notes prior to the expiration of any notice to cure.

g. Ms. Bankeroff's failure to make payments upon the promissory notes constitutes self-dealing on her part, against the interests of Plaintiff.

h. Because Ms. Bankeroff failed to make payments as instructed by Plaintiff, she is barred from claiming that Plaintiff defaulted on her promissory note.

i. Ms. Bankeroff's failure to payments as instructed by Plaintiff, constitutes a breach of her agreement with Plaintiff.

j. Ms. Bankeroff is estopped from claiming that Plaintiff defaulted upon payments of the promissory notes due to her.

k. Ms. Bankeroff is estopped from claiming that the notice of default of payment of the promissory note was uncured by Plaintiff.

l. Because Plaintiff was not in default under the promissory note owed to Bankeroff, she was not empowered to exercise any rights under the pledge agreement.

IV. Defendant HCRN's counterclaim and Third-Party Complaint is and shall be Stricken.

V. Defendant HCRN and Bankeroff's asffirmative defenses are and shall be stricken.

3

VI.    Defendant HCRN and Bankeroff shall be and are hereby barred from introducing evidence at trial contravening any payments or instructions to pay any of the promissory notes at issue in the case; and barred from adducing evidence or contradicting that Ms. Bankeroff was empowered, authorized, and instructed to make payments upon the promissory notes in this case.

VII.    Defendant HCRN and Bankeroff shall provide full and complete answers to the requested discovery no later than five (5) business days after the date of this Order, reserving the right to Plaintiff to seek additional relief upon such Defendant's failure to comply.

VIII.    Defendant HCRN and Bankeroff shall cooperate to make themselves, and any corporate designees available for deposition upon mutually agreeable dates for counsel.

IX.    Defendant HCRN and Bankeroff shall pay to plaintiff, through counsel, its reasonable expenses in making and prosecuting this motion, including attorney's fees, which amount is deemed to be $_____.

Entered this ___ day of _____, 2020.

_____
Judge