**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **VIVOS ACQUISITIONS, LLC,** | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-01606-RDA-TCB |
| **HEALTH CARE RESOURCE NETWORK, LLC**, EL AL. | |
| Defendants. | |

**VIVOS ACQUISITIONS, LLCS MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY AND**
**FOR DISCOVERY SANCTIONS**

(No Discovery Responses Received Whatsoever)

Plaintiff, Vivos Acquisitions, LLC ("Vivos" and/or "Plaintiff"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37 and Local Rule 37 submits this memorandum in support of its motion to compel discovery and for discovery sanctions against Defendants Health Care Resource Network, LLC ("HCRN") and Laura Bankeroff ("Bankeroff"), due to their failure to provide *any* discovery responses or objections to the Plaintiff's discovery served on March 6, 2020, and states as follows:

**BACKGROUND**

This action arises out of a corporate acquisition of HCRN by Vivos from Bankeroff and Koutsioukis in which all terms of the acquisition between the parties, were addressed in detailed agreements which were written in tandem. Specifically, Vivos paid $8,580,000 to purchase Bankeroff and Koutsioukis' interest in HCRN. Of the total amount, $4,280,000 of the purchase price was paid pursuant to two Promissory notes: to Bankeroff in the amount of $2,182,800 and Koutsioukis in the amount of $2,097,200 (collectively "Seller Promissory Notes"). At closing,

Vivos also executed two Supplemental Promissory Notes to Bankeroff in the amount of $297,300.78 and Koutsioukis in the amount of $285,641.92 (collective "Supplemental Promissory notes").

Over an eighteen -month period after the sale of HCRN to Vivos, Vivos "made" all of its monthly payments required under the Seller and Supplemental Promissory Notes from funds deposited by Vivos and its members in HCRN's bank accounts.  Plaintiff made payments on the Seller and Supplemental Promissory Notes each month by directing Defendant Bankeroff to debit funds from HCRN's bank accounts to pay Bankeroff and Koutsioukis. Defendant Bankeroff complied, apparently grudgingly, as she saw the company she sold increase in value, and saw that Plaintiff was using the funds generated by her former company to pay the purchase price of HCRN from her and Ms. Koutsioukis.

Bankeroff then conspired with Koutsioukis to manufacture a default by Vivos.  As such they refused to accept any other payments from Vivos, prematurely declared a default through their counsel, and prematurely exercised a pledge agreement to take control and assert ownership of HCRN.  They kept all the money paid by Vivos to date and commandeered HCRN for themselves.  To cure this unjust enrichment, Plaintiff then filed the present suit.

### *Commencement of Discovery*

Discovery commenced on January 17, 2020 pursuant to this Court's order (ECF 09). Specifically, the order provided as follows:  "Discovery may begin upon receipt of this order."   On February 6, 2020, the parties filed a joint scheduling report outlining the discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26 based on agreed upon dates discussed by counsel of record.  On the same day, the Court issued the Rule 16(b) Scheduling Order approving the plan and providing that it should control discovery to the

extent of its application unless further modified by the Court. (ECF 16).

On March 6, 2020, on the same day that the parties argued in person Defendant's motion to dismiss the amended complaint, Plaintiff served certain discovery, which was hand delivered to counsel's office, and also sent via first-class mail and email. This discovery was consistent with the joint discovery plan and the Court's Orders. Specifically, Defendant served:

(i)    Plaintiff Vivos Acquisitions, LLC's First Set Of Requests For Production Of Documents To Defendant HCRN;

(ii)   Plaintiff Vivos Acquisitions, LLC's First Set Of Interrogatories To Defendant HCRN; and

(iii)  Plaintiff Vivos Acquisitions, LLC's First Set Of Interrogatories To Defendant Laura Bankeroff.

Copies of the discovery requests served on the Defendants are attached as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively ("Plaintiff's Written Discovery"). A corresponding Certificate of Discovery was filed on March 6, 2020 (ECF 22).

No objections or responses were served by the Defendants as required by the terms of Local Rule 26 or the Federal Rules of Civil Procedure. Indeed, while all responses to the discovery requests were due on April 11, 2020, Defendants have wholly failed to provide any answers or requested documents. Indeed, they even failed to giver undersigned counsel the courtesy of a phone call to explain the reasons for the delay.

On April 17, 2020, Defendants filed their Answer, Counterclaim and Third-Party Complaint (ECF 25). Shortly thereafter, on May 1, 2020, Defendants filed a counterclaim

and served their own discovery requests.

*Plaintiffs Good Faith Attempts to Seek Defendant's Compliance*

On May 1, 2020, Plaintiff, in an effort to pursue its discovery sent two separate e-mails, including a letter to Defendants' counsel inquiring about Defendants' failure to comply with their discovery obligations. A true copy of such letter is attached as **Exhibit D**. However, no response was received whatsoever.

Having still had no response whatsoever over two months to the timely propounded discovery or to the various inquiries by undersigned counsel, on May 15, 2020, Plaintiff sent yet another letter inquiring about the discovery and proposed times to have a meet and confer to discuss Defendants' noncompliance with their discovery obligations. A true copy of such letter and is attached as **Exhibit E**.

Again, no response was received in connection with the letter, and no communication was made by Plaintiff regarding the discovery conference.

Having received no response from Defendants, on May 20, 2020, Plaintiffs' counsel called Defendant's counsel. During that call, Defendants counsel refused to provide any commitment regarding compliance with discovery. Instead, they indicated that they would send Plaintiffs' a letter by the following day as to when they will provide responses to the propounded discovery. Defendants refused to acknowledge that the time for objections had passed, and claimed that discovery should restart since they had filed a counterclaim and a third-party complaint, which Plaintiff and the Third-Party Defendants have moved to dismiss.

Notwithstanding the promise to send a letter by May 22, 2020, no such letter was

4

received. Indeed, to date Defendants have not provided any responses. They have not provided full and complete Answers to Interrogatories nor did they provide any responses to the document requests propounded by the Plaintiff. Instead, Defendants continue to obstruct discovery in this case, and engage in deliberate attempts to hinder or prevent Plaintiff from obtaining relevant and discoverable information by willfully withholding pertinent information and deliberately ignoring all of its attempts to resolve this dispute. As Defendants' refusal to engage in discovery is unjustified, and having been ignored for nearly two months, Plaintiff has no choice but to seek court intervention to compel Defendant's compliance with their discovery obligations.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 37, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."

Further, discovery sanctions under Fed. R. Civ. P. 37(d)(1)(A)(ii), are warranted

5

where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Under Fed. R. Civ. P. 37(d)(3), "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

## ARGUMENT

On March 6, 2020, Plaintiff served the Written Discovery.  The discovery was served by hand, with copies sent via email and first-class mail, and directed to the Defendants.  No objections were provided whatsoever, and Defendants' answers to the respective interrogatories and document requests was due April 11, 2020.  However, to date nothing has been received, despite two letters and a phone conference with counsel seeking compliance.

### 1.  At minimum, the Court should compel Defendants to respond to discovery.

Accordingly, pursuant to Fed. R. Civ. P. 37(B), Plaintiff seeks an order compelling Defendants to provide full and complete answers to the written discovery, without objection. Specifically, Plaintiff is seeking Defendant HCRN's full and complete answers to the Interrogatories served upon it, see Ex. B, and full and complete responses and production of documents in response to the Requests for Production served upon it.  Additionally, Plaintiff is seeking Defendant Laura Bankeroff's full and complete answers to the Interrogatories served upon her.

Defendants have intimated in the last telephone discussion that they should be able to justify their failure to comply with discovery deadlines or their failure to timely respond to Plaintiff's repeated requests for the discovery due to the coronavirus pandemic.    It is respectfully submitted that this excuse in unjustified.  Indeed, over two months Defendants have not sought or requested an extension of any deadline from undersigned counsel or the Court.  Instead, they hae completely failed to communicate with Plaintiff even when they were all working from home.  They have not provided one justification why they have ignored Plaintiff's attempts to obtain the discovery without court intervention, including ignoring the two letters sent to them, and have failed to even follow-up on their commitment to provide a firm date when discovery responses would be provided.  .

Yet, as indicated above, the case has continued.   On April 3, 2020, this Court denied in substantial part, Defendant's motion to dismiss (ECF 24).  Two weeks later, on April 17, 2020, Defendants filed their Answer, Counterclaim and Third-Party Complaint (ECF 25).[1] And on May 1, 2020, Defendants issued their own discovery to Plaintiffs.  Thus, Defendants own conduct has not only continued to prosecute the case but have done so vigorously.  .  No stay has been requested and no motions for continuance as required by the Rules has been filed.  Thus, just as Plaintiff's have been required and expected to comply with their own discovery obligations, Defendants should be held to the same standard.  Given their disregard of these obligations, including the obligations under the Rule 16(b) Order and Rule 26(f) discovery plan, not only is a court order is necessary to compel such compliance, but sanctions under Rule 37(d) are also proper.

---

[1]    Under the scheduling order, Defendants were required to file an answer within 20 days of the January 17, 2020 order.

**2.  The Court should impose discovery sanctions pursuant to Rule 37(d)(1)(A)(ii).**

Under Fed. R. Civ. P. 37(d)(1)(A)(ii), "[t]"he court where the action is pending may, on motion, order sanctions if: . . . "(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Under Rule 37(d)(3), "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, as indicated above, Defendants HCRM and Bankeroff have wholly failed to provide answers, objections or written response to the requested discovery.  Accordingly, given the near two-month delay, and complete failure to respond to multiple inquiries, sanctions pursuant to Rule 37(b)(2)(A)(i) through (vi) are appropriate, which include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A).

"The sanctions found in Fed. R. Civ. P. 37 are the only relief available for failure to make discovery."  *Countryside Cas. Co. v. Orr*, 523 F.2d 870, 872 n.3 (8th Cir. 1975).  As explained in *Poole v. Textron, Inc.*, 192 F.R.D. 494, 506 (D. Md. 2000)

8

> Sanctions are to be awarded "against parties or persons unjustifiably resisting discovery." Advisory Committee Notes to the 1970 Amendments to Fed. R. Civ. P. 37. Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).

192 F.R.D. at 506.

Indeed, "[i]f the only sanction for failing to comply with the discovery rules is having to comply with the discovery rules if you are caught, the diligent are punished and the less than diligent, rewarded. Indeed, Rule 37 itself defeats such an interpretation, as it provides, inter alia, that the Court shall award the moving party fees if the discovery is provided by ruling or simply after the motion is filed. Fed. R. Civ. P. 37(a)(4)(A)." *Poole*, 192 F.R.D. at 506.

Here, as indicated in the joint discovery plan, the discovery contemplate by the parties included "whether there has been a breach of any agreements at issue in this case, the delivery of consideration in connection therewith, including cash and promissory notes; the payments made by the plaintiff; whether there was a breach of any of the agreements at issue in this case; the alleged subsequent default by plaintiff of its obligations to make installment payments under the promissory notes; and the timeliness and validity of the alleged notice of default to plaintiff by defendants Laura Bankeroff and Joann Koutsioukis. . . ." Rule 26(f) Jt. Scheduling Report at ¶ 2.

The purpose of the discovery rules is to maximize judicial efficiency. Discovery is not intended to be an obstacle course. As such, it is quite reasonable for the Court and the parties to demand at least substantial compliance, or at the barest minimum, a good faith effort toward compliance with agreed upon deadlines from the opposing party. Indeed, Defendants' over failure to respond to the propounded discovery, and deliberate efforts to stall the discovery process and

9

hinder the Plaintiff's efforts to get information from HCRN, continues to be prejudicial since the discovery deadline are now fast approaching without even minimum information being provided by Defendants.  It is respectfully submitted that allowing Defendants to deviate from a scheduling order contravenes the very aim supporting the enaction of any local rules by this Honorable Court and would decrease the value of the scheduling orders entered to the papers upon which they are printed.  The most prejudicial outcome of this delay is that Vivos is now being forced to prosecute this action without having the opportunity to explore the basis of the Defendants' alleged affirmative defenses, and it is now forced to have to designate experts without giving them the minimum information that is in the sole possession custody and control of HCRN and that is needed for them to render their expert opinions.

To add insult to injury, when the Plaintiff has asked available dates for the Defendants deposition, no dates were provided.  Now, Plaintiff is forced to unilaterally set depositions dates for the witnesses in the case without the benefit of having written discovery first.  Once, again, the discovery phase of this litigation is being turned into another obstacle course.

### *Specific Sanctions Sought*

The propounded discovery addressed issues regarding the directive to pay the disputed promissory notes, *see* Ex., B, HCRN Interrog. Nos. 6 and 7, payments made on behalf of the Plaintiff, ROG 11, payments made to the individual defendants, ROG 12, the responsibilities of the individual Defendants, *see* HCRN Interrog. No. 11, communications under the respective employment agreements, *see* HCRN Interrog. Nos. 13 and 14, and relating to Plaintiff, as well as government contract awards, *see* HCRN Interrog. Nos. 16-17. and affirmative defenses asserted by HCRN.  *See* HCRN Interrog. No. 18.  The document requests also addressed these issues. See

10

Ex. A.

Likewise as to Bankeroff, in addition to the customary questions, including regarding her affirmative defenses, Plaintiff sought sworn answers regarding the alleged breach of the promissory note, *see* Ex. C, Bankeroff Interrog. No. 6, communications payment of the promissory notes at issue, *see* Bankeroff Interrog. No. 12 payments that she did receive from Plaintiff and HCRN, *see* Bankeroff Interrog. Nos. 13 and 14; her duties under her post-sale employment agreements, *see* Bankeroff Interrog. No. 8, 11; and her refusal to use HCRN fund to pay obligations of Plaintiff, *see* Bankeroff Interrog. No. 7.

Given Defendants conduct and failure to provide discovery, including lack of communication and responsiveness to repeated entreaties by Plaintiff's counsel, discovery sanctions are appropriate, including (but not limited to) a court order determining that:

A.     Plaintiff timely paid amounts due on the promissory notes, including in particular all promissory notes due to Ms. Bankeroff;

B.     Ms. Bankeroff was authorized and empowered to make payments upon the promissory notes at issue in the case, using HCRN funds.

C.     Ms. Bankeroff previously made and accepted payments upon the promissory notes at issue in the case by Plaintiff, including payments made upon promissory notes owed to  Joann Koutsioukis.

D.     Ms. Bankeroff was instructed to make payments upon the promissory notes, but purposed and unjustifiably failed to make payments;

E.     Ms. Bankeroff purposefully failed to make payments so that she and co-Defendant could claim a default upon the promissory notes at issue in the case.

11

F.    That HCRN funds were available to pay amounts due upon the promissory notes prior to the expiration of any notice to cure.

G.    Ms. Bankeroff's failure to make payments upon the promissory notes constitutes self-dealing on her part, against the interests of Plaintiff.

H.    Because Ms. Bankeroff failed to make payments as instructed by Plaintiff, she is barred from claiming that Plaintiff defaulted on her promissory note.

I.    Ms. Bankeroff's failure to payments as instructed by Plaintiff, constitutes a breach of her agreement with Plaintiff.

J.    Ms. Bankeroff is estopped from claiming that Plaintiff defaulted upon payments of the promissory notes due to her;

K.    Ms. Bankeroff is estopped from claiming that the notice of default of payment of the promissory note was uncured by Plaintiff.

L.    Because Plaintiff was not in default under the promissory note owed to Bankeroff, she was not empowered to exercise any rights under the pledge agreement.

* * *

The Court should further order that Defendant HCRN's counterclaim be stricken, that HCRN and Bankeroff's affirmative defenses be stricken, that it and Ms. Bankeroff be barred from introducing evidence contravening any payments or instructions to pay any of the promissory notes at issue in the case; and that they be barred from adducing evidence or contradicting that Ms. Bankeroff was empowered, authorized, and instructed to make payments upon the promissory notes in this case.

Such sanctions are appropriate given that Defendants have not merely been unaware that

12

the case has proceeded, but they have actively participated in the case, serving their own discovery, and filing a counterclaim and third-party complaint, all while ignoring Plaintiff's multiple attempts to secure compliance with their discovery obligations.

**3. Defendants should be required to pay reasonable expenses in making and prosecuting this motion, including attorney's fees.**

Further, pursuant to Fed. R. Civ. P. 37 (a)(5) and (d)(3) and Plaintiffs should be awarded their reasonable expenses in making this motion, including attorney's fees as against Defendants.

A certification of good-faith efforts is attached to this motion and memorandum in support thereof.

WHEREFORE, Plaintiff respectfully requests that this Court impose discovery sanctions upon Defendants Health Care Resource Network, LLC and Laura Bankeroff, including such terms as set forth in the proposed order filed herewith, and/or to issue an order compelling said Defendants provide full and complete answers to Plaintiff's First Set of Interrogatories directed to them, respectively, and that Defendant Health Care Resource Network, LLC provide full and complete responses and production of documents to Plaintiff's First Set Of Requests For Production Of Documents directed to it; that the Court award Plaintiff its reasonable expenses in making this motion, including attorney's fees, and for such other relief as may be just and proper, dd.

Respectfully Submitted,
**VIVOS ACQUISITIONS, LLC**
*By counsel*

*/s/ Elias G. Saboura-Polkovotsy, Esq.*
Elias G. Saboura-Polkovotsy, Esq.
VSB No. 72256

13

SABOURA, GOLDMAN & COLOMBO, P.C.
11200 Rockville Pike, Suite 405
N. Bethesda, Maryland 20852
esaboura@sabouralaw.com
Direct: (301) 245-3234
Facsimile: (301) 881-8885
*Counsel for Plaintiff*

*/s/ Bizhan Beiramee, Esq.*
Bizhan Beiramee, Esq. VSB No. 50918
BEIRAMEE LAW GROUP, P.C.
7598 Wisconsin Avenue, Second Floor
Bethesda, MD  20814
bbeiramee@beiramee.com
Phone: (301) 547-3805
Fax: (703) 483-9599
*Co-counsel for Plaintiff*

### CERTIFICATION OF GOOD FAITH EFFORTS

I hereby certify that I have in good faith attempted to confer with opposing counsel/party to resolve the foregoing dispute without court action.   Said efforts include those described in the attached memorandum, including correspondence to Defendant's which are attached as Exhibit D and Exhibit E to the memorandum in support of this motion to compel and for discovery sanctions, and a conference call with Defendants counsel on May 20, 2020, which was unable to resolve the outstanding dispute without court intervention.

*/s/ Bizhan Beiramee, Esq.*
Bizhan Beiramee, Esq. VSB No. 50918
BEIRAMEE LAW GROUP, P.C.
7598 Wisconsin Avenue
Second Floor
Bethesda, MD  20814
bbeiramee@beiramee.com
Phone: (301) 547-3805
Fax: (703) 483-9599
*Co-counsel for Plaintiff*

14

## CERTIFICATES OF SERVICE FOR DOCUMENTS FILED USING CM/ECF

I hereby certify that on January 13, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Stuart A. Schwager (VSB #36204)
Stuart A. Berman (*pro hac vice*)
**LERCH, EARLY & BREWER, CHTD.**
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
(301) 347-1271 (p
(301) 347-1521 (f)
*saschwager@lerchearly.com*
*saberman@lerchearly.com*

Counsel for Defendants Health Care Resource Network, LLC, Laura Bankeroff, and Joann Koutsioukis

/s/ Bizhan Beiramee, Esq.
Bizhan Beiramee, Esq. VSB No. 50918
BEIRAMEE LAW GROUP, P.C.
7598 Wisconsin Avenue, Second Floor
Bethesda, MD  20814
bbeiramee@beiramee.com
Phone: (301) 547-3805
Fax: (703) 483-9599
*Co-counsel for Plaintiff*

15