**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **VIVOS ACQUISITIONS, LLC,** | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-01606-RDA-TCB |
| **HEALTH CARE RESOURCE NETWORK, LLC,** *et al.* | |
| Defendants. | |

**PLAINTIFF VIVOS ACQUISITIONS, LLC'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT HCRN**

Plaintiff Vivos Acquisitions, LLC ("Vivos"), by counsel, pursuant to Fed. R. Civ. P. 34, hereby propounds this First Set of Requests for Production of Documents (the "Requests") to Defendant Health Care Resource Network, LLC ("HCRN"). Vivos requests that HCRN respond to these Requests within the time prescribed by the Federal Rules of Civil Procedure, and produce or make available for inspection and copying the following documents and electronically stored information ("ESI") in accordance with the Instructions and Definitions set forth hereinafter.

**Instructions**

1.      Pursuant to Rule 34(b)(2)(B), if you object to any Request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intend to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to these Requests, the responding party encounters any ambiguities when construing a Request, the response shall set forth the matter deemed ambiguous and the construction used in responding.

1

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.  If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

B.  If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, promptly and with particularity state the facts on which you rely to support that contention.

5.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to

2

each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person who made the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6.      If a document or ESI in no longer in your possession, custody or control, please state:

      a.  What was done with the document or information;
      b.  When such document was made;
      c.  The identity and address of the current custodian of the document or information;
      d.  The person who made the decision to transfer or dispose of the document or information; and
      e.  The reasons for the transfer or disposition.

7.      Where anything has been deleted from a document or ESI produced in response to a Request:

      a.  Specify the nature of the material deleted.
      b.  Specify the reason for the deletion; and
      c.  Identify the person responsible for the deletion.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Interrogatories, the following definitions apply.

(a)      The term "document" or "documents" is defined as synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and includes but it not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined as synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. Electronic mail is a document. A draft or non-identical copy is a separate document within the meaning of the term "document."

3

(b)     The term "communication" means any oral or written utterance, notation, intercourse or statement by any means, including, but not limited to, text messages, phone calls (and the logs identifying and tracking such calls), e-mails, and any other form of electronically transmitted messages.

(c)     The term "pleadings" is synonymous in meaning and equal in scope to the term "pleadings" in Fed. R. Civ. P. 7(a).

(d)     When referring to a person, the term "identify" means to specify the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of business and business phone number. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

(e)     When referring to a document, the term "identify" means to specify: (a) the type of document (e.g., letter, memorandum, etc.); (b) the document's general subject matter; (c) the author(s), addressee(s) and the recipient(s) of the document; and (d) the document's location and custodian.

(f)     When referring to a communication, the term "identify" means to specify: (a) the name of the person who made the communication; (b) the date(s) the communication was made; and (c) the exact words used by the speaker or the best approximation thereof.

(g)     When referring to an item of work, the term "identify" means to specify a complete description of the work performed, the location or locations where the work was performed, the date of performance and the person performing it.

(h)     When referring to the payment of money, or to the alleged incurrence of financial loss or other money damages, or to the claimed entitlement to money damages, "itemize" means to set forth each separate item or category of funds expended, alleged financial loss and/or alleged money damages, the precise dollar amount of each expenditure, the method (if any) by which you computed each amount and the figures used in that computation, the loss or damage applicable to each, facts and assumptions upon which your claim is based, and (for each separate item or category) to specify whether the funds expended, or the loss or damage incurred was actually expended or incurred by you, or whether they were actually expended or incurred by an insurer or other third party on your behalf.

(i)     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

(j)     The terms "regarding," "concerning" mean relating to, referring to, pertaining to, describing, evidencing, or constituting.

(k)     The terms "you" and "your" include the person of party to whom these Requests are addressed, and all of that person's or party's representatives, subsidiaries, agents, employees, contractors, and attorneys.

(l)     The term "person" includes any individual, entity, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated associations, limited liability partnership, limited liability company, the State, its agencies or political subdivisions, any court, or any other governmental entity.

5

(m)    "Complaint" means the operative First Amended Complaint in the case, including but not limited to the original Complaint, and any or all other amended Complaints, if any, filed in this matter.

(n)    "Defendants" includes, without limitation, the named defendants in this action, *to wit,* HCRN, Laura Bankeroff ("Bankeroff") and Joann Koutsioukis ("Koutsioukis"), as well as their respective servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, guardians, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(o)    The terms "discoverable matter" and "discoverable information" shall mean any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or the defense of the party seeking discovery or to the claim or defense of any other party in this case.

(p)    The term "statement" is (1) a written statement signed or otherwise adopted or approved by the person making it, (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded; and/or (3) any written speech or wording set forth in any kind of medium (e.g., document, Internet post, blog post, text message, private messaging, review and/or any other kind of communication, as previously defined).

(q)    The term "Purchase Agreement" refers to the Membership Interest and Purchase Agreement dated February 10, 2017, a true and accurate copy of which is attached as **Exhibit 1** to the First Amended Complaint.

(r)    The term "Bankeroff Note" refers to the Promissory Note dated February 16, 2017 and payable to Bankeroff in the principal amount of $2,182,800.00, a true and accurate copy of which was attached as **Exhibit 3** to the First Amended Complaint.

(s)    The term "Koutsioukis Note" refers to the Promissory Note dated February 16, 2017 and payable to Koutsioukis in the principal amount of $2,182,800.00, a true and accurate copy of which was attached as **Exhibit 4** to the Amended Complaint.

(t)    Collectively, the "Koutsioukis Note" with the Bankeroff Note shall be referred to as the "Seller Notes".

(u)    The term "Pledge Agreement" refers to the document signed by the Parties in which the Plaintiff pledged its acquired membership interests in HCRN in accordance with certain terms and conditions outlined in a Membership Interest Pledge and Security Agreement.  A true and accurate copy of the Pledge Agreement was attached to the First Amended Complaint and incorporated therein as **Exhibit 5**.

(v)    The term "Bankeroff Supplemental Note" refers to the Promissory Note in the amount of $285,641.92 payable to Bankeroff, a true and accurate copy of which was attached as **Exhibit 6** to the First Amended Complaint.

(w)    The term "Koutsioukis Supplemental Note" refers to the Promissory Note in the amount of $285,641.92 payable to Koutsioukis, a true and accurate copy of which was attached as **Exhibit 7** to the First Amended Complaint.

(x)    Collectively, the "Koutsioukis Supplemental Note" with the Bankeroff Supplemental Note shall be referred to as the "Seller Supplemental Notes" or "Supplemental Notes."

(y)    The term "Employment Agreement" refers to the February 10, 2017 Employment Agreement entered into by and between HCRN and Bankeroff, a true and accurate copy of which was  attached as **Exhibit 8** to the First Amended Complaint.

(z)    The term "Second Employment Agreement" refers to the April 26, 2017 Employment Agreement entered into by and between HCRN and Bankeroff, a true and accurate copy of which was attached as **Exhibit 8A** to the First Amended Complaint.

(aa)    "HCRN means Health Care Resource Network, LLC, as well as its servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(bb)    "Vivos Acquisitions, LLC" and/or "Vivos" means Vivos Acquisitions, LLC, as well as its servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(cc)    No Request should be construed to limit the application of these Definitions to it or to any other Request, or to limit the scope of other Request, unless such limit is explicitly stated.

**REQUESTS**

**Request No. 1:**    Any and all documents relied upon and/or referred to in your Answers to Plaintiff's First Set of Interrogatories to HCRN.

**Request No. 2:**    Any and all documents upon which you rely to support any facts or matters asserted by Defendants in its Memorandum in Support of its Motion to Dismiss First Amended

8

Complaint.

**Request No. 3:**    Any and all documents supporting any affirmative defense you assert in this case.

**Request No. 4:**    Any and all documents upon which you intend to rely at trial or at any hearing on the merits.

**Request No. 5:**    Any and all documents received from or provided to any other party to this case.

**Request No. 6:**    Any and all documents received from any third-party from the date of filing of the Complaint to the present, whether provided informally or in response to a formal request.

**Request No. 7:**    Any and all written reports of each person whom you expect to call as an expert witness at trial.

**Request No. 8:**    The resume or curriculum vitae of each expert witness you intend to call to testify at trial.

**Request No. 9:**     Any and all documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.

**Request No. 10:**    Any and all corporate minutes, resolutions, shareholder action, director action for HCRN.

**Request No. 11:**    State and federal tax returns of HCRN since 2015, including all schedules.

**Request No. 12:**    Bank records of HCRN since 2017.

**Request No. 13:**    Any and all documents relating to any payment of funds to any of the other Defendants since 2015, including any shareholder distribution, payment of the Seller Notes, or salary.

**Request No. 14:**    Any and all correspondence, communications and/or documents pertaining to the rights, duties, and obligations created under the Membership Interest Agreement.

**Request No. 15:**    Any and all correspondence, communications and/or documents pertaining

to the rights, duties, and obligations created under the Pledge Agreement.

**Request No. 16:**   Any and all correspondence, communications and/or documents pertaining to the rights, duties, and obligations created under the Seller Supplemental Notes.

**Request No. 17:**   Any and all correspondence, communications and/or documents pertaining to the rights, duties, and obligations created under the Promissory Notes.

**Request No. 18:**   Any and all correspondence, communications and/or documents related to the operation of HCRN.

**Request No. 19:**   Any and all correspondence, communications, and/or documents between HCRN including without limitation, all representatives, agents, employees, contractors, and/or attorneys thereof, and any third-party concerning any contract performance by HCRN in calendar year 2017.

**Request No. 20:**   Any and all correspondence, communications, and/or documents between HCRN including without limitation, all representatives, agents, employees, contractors, and/or attorneys thereof, and any third-party concerning any contract performance by HCRN in calendar year 2018.

**Request No. 21:**   Any and all correspondence, communications, and/or documents related to the profits of HCRN, including without limitation any profit sharing agreement in effect at any time during January 1, 2017 and August 31, 2018, between HCRN and a third-party.

**Request No. 22:**   Any and all correspondence, communications, and/or documents related to the profits of HCRN, including without limitation any profit sharing agreement in effect in 2018 between any Defendant and a third party.

**Request No. 23:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN at any time during calendar years 2017 and 2018, pertaining to any services and/or capabilities offered by HCRN.

**Request No. 24:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN at any time during calendar years 2017 and 2018 by Defendant Bankeroff.

**Request No. 25:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN at any time during calendar years 2017 and 2018 by Defendant Koutsioukis.

**Request No. 26:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN at any time during calendar years 2017 and 2018 to a United States Government agency.

**Request No. 27:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN for marketing purposes, at any time during calendar years 2017 and 2018.

**Request No. 28:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN by Defendant Bankeroff pursuant to any responsibility, right or obligation in the Employment Agreement.

**Request No. 29:**   Any and all correspondence, communications, and/or documents created or distributed by or on behalf of HCRN by Defendant Bankeroff pursuant to any responsibility, right or obligation in the Second Employment Agreement.

**Request No. 30:**   Any and all correspondence, communications, and/or documents from or to any Defendant related to any notice of default issued to Vivos.

**Request No. 31:**   All insurance policies under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this case.

**Request No. 32:**   Any and all correspondence, communications, and/or documents which pertain to, describe, discuss, summarize, or comment on Vivos's payment of the Promissory Notes.

11

**Request No. 33:** Any and all correspondence, communications, and/or documents which pertain to, describe, discuss, summarize, or comment on Vivos's payment of the Sellers' Supplement Notes.

**Request No. 34:** Any and all correspondence, communications, and/or documents which pertain to, describe, discuss, summarize, or comment on Vivos's use of funds in HCRN's account to pay the Promissory Notes and/or the Sellers' Supplemental Notes.

Respectfully submitted,

**VIVOS ACQUISITIONS, LLC,**

By counsel

By:     */s/ Elias G. Saboura-Polkovotsy*
Elias G. Saboura-Polkovotsy, Esq.
VSB No. 72256
**SABOURA, GOLDMAN & COLOMBO, P.C.**
11200 Rockville Pike
Suite 405
N. Bethesda, Maryland 20852
*esaboura@sabouralaw.com*
Main: (301) 245 3230
Direct: (301) 245-3234
Facsimile: (301) 881-8885
*Counsel for Plaintiff*


By:     */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., VSB #50918
**BEIRAMEE LAW GROUP, P.C.**
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Co-Counsel for Vivos Acquisitions, LLC*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a copy of the foregoing was served via hand delivery

(with courtesy copy via email and first-class mail) to:

Stuart A. Schwager (VSB #36204)
Stuart A. Berman (*pro hac vice*)
**LERCH, EARLY & BREWER, CHTD.**
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
(301) 347-1271 (p
(301) 347-1521 (f)
*saschwager@lerchearly.com*
*saberman@lerchearly.com*

Counsel for Defendants Health Care Resource Network, LLC, Laura Bankeroff, and Joann Koutsioukis

/s/ Bizhan Beiramee
Bizhan Beiramee, Esq., VSB #50918
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Co-Counsel for Vivos Acquisitions, LLC*

13