**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

|  |  |
|---|---|
| **VIVOS ACQUISITIONS, LLC,** | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-01606-RDA-TCB |
| **HEALTH CARE RESOURCE NETWORK, LLC,** *et al.* | |
| Defendants. | |

**PLAINTIFF VIVOS ACQUISITIONS, LLC'S**
**FIRST SET OF INTERROGATORIES TO DEFENDANT LAURA BANKEROFF**

Plaintiff Vivos Acquisitions, LLC ("Vivos"), by counsel, pursuant to Fed. R. Civ. P. 33, hereby propounds this First Set of Interrogatories ("Interrogatories") to Defendant Laura Bankeroff ("Bankeroff"). These Interrogatories are to be answered separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS**

The following definitions and instructions apply to all Interrogatories and should be considered as part of each Interrogatory.

1. These Interrogatories shall be deemed to be continuing to the final date of these proceedings so that additional information that becomes known to you prior to the final date of these proceedings shall be furnished to undersigned counsel immediately after such information is acquired by or becomes known to you, in accordance with Federal Rule of Civil Procedure 26(e).

2. These Interrogatories are directed to you and also to: (a) your agents and representatives; (b) any other person acting on your behalf or on whose behalf you have acted; and

1

(c) any other person otherwise controlled by you, or which controls you, or which is under common control with you.  Conversely, this specific instruction shall not permit you to withhold answers that are otherwise responsive merely because "you" also includes your agents.  Thus, for example, if an Interrogatory asks about communications between you and third parties, third parties also includes your agents.

3.      Unless otherwise specifically so stated in your answer, your answer will be deemed a statement by you of your own knowledge. If any answer or portion thereof is not made by you of your own information, or which is not of your own knowledge, include the identity of each person from whom you obtained such information and/or the identity of any document or tangible thing relied upon in forming your answer.

4.      If an answer to an Interrogatory is withheld under a claim of privilege or other protection, produce on the date on which answers are required pursuant to these Interrogatories a log of the documents and/or things withheld sufficient to facilitate evaluation of the privilege or protection claimed. Such log shall identify: (a) the document or thing to which the privilege or protection is alleged to apply; (b) the privilege or protection alleged; (c) the format of the communication; (d) the date sent, and (e) name(s) of author(s) and recipient(s).

5.      If the responding party objects to any Interrogatory, then (a) identify the portion of the Interrogatory to which the objection pertains and the basis of the objection in a manner sufficient to permit the Court to rule on the validity of the objection; (b) identify any documents and things withheld pursuant to such objection with sufficient particularity and in sufficient detail to permit the Court to determine that such documents and things fall within the scope of such objection; and (c) for any portion of such Interrogatory that is not claimed to be objectionable, respond to, identify and produce the documents and things or portions thereof which are responsive to the non-objectionable portion of the Interrogatory.  Pursuant to Local Rule 26(c), any objection

2

must be served within fifteen days after service.

6.      If the responding party elects to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

7.      If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Interrogatories, the following definitions apply.

The term "document" or "documents" is defined as synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and includes but it not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined as synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. Electronic mail is a document. A draft or non-identical copy is a separate document within the meaning of the term "document."

(a)      The term "communication" means any oral or written utterance, notation, intercourse or statement by any means, including, but not limited to, text messages, phone calls (and the logs identifying and tracking such calls), e-mails, and any other form of electronically transmitted messages.

(b)      The term "pleadings" is synonymous in meaning and equal in scope to the term "pleadings" in Fed. R. Civ. P. 7(a).

3

(c)     "State the facts" "state the basis" "set forth all facts" and/or "identify all facts" means to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement which supports, refutes, concerns, relates or refers to the allegation or contention referenced or described in the interrogatory, to identify any admissions or statements against interest which you claim are supportive of said contention, and in addition, means to identify each oral communication and each document which concerns, refers or relates to such fact, consideration, circumstances, act, omission, event, transaction, occurrence or statement.

(d)     When referring to a person, the term "identify" means to specify the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of business and business phone number. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

(e)     When referring to a document, the term "identify" means to specify: (a) the type of document (e.g., letter, memorandum, etc.); (b) the document's general subject matter; (c) the author(s), addressee(s) and the recipient(s) of the document; and (d) the document's location and custodian.

(f)     When referring to a communication, the term "identify" means to specify: (a) the name of the person who made the communication; (b) the date(s) the communication was made; and (c) the exact words used by the speaker or the best approximation thereof.

(g)     When referring to an item of work, the term "identify" means to specify a complete description of the work performed, the location or locations where the work was performed, the date of performance and the person performing it.

4

(h)      When referring to the payment of money, or to the alleged incurrence of financial loss or other money damages, or to the claimed entitlement to money damages, "itemize" means to set forth each separate item or category of funds expended, alleged financial loss and/or alleged money damages, the precise dollar amount of each expenditure, the method (if any) by which you computed each amount and the figures used in that computation, the loss or damage applicable to each, facts and assumptions upon which your claim is based, and (for each separate item or category) to specify whether the funds expended, or the loss or damage incurred was actually expended or incurred by you, or whether they were actually expended or incurred by an insurer or other third party on your behalf.

(i)      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

(j)      The terms "regarding," "concerning" mean relating to, referring to, pertaining to, describing, evidencing, or constituting.

(k)      The terms "you" and "your" include the person of party to whom these Interrogatories are addressed, and all of that person's or party's representatives, subsidiaries, agents, employees, contractors, and attorneys.

(l)      The term "person" includes any individual, entity, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated associations, limited liability partnership, limited liability company, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(m)     "Complaint" means the operative First Amended Complaint in the case, including but not limited to the original Complaint, and any or all other amended Complaints, if any, filed in this matter.

(n)     "Defendants" includes, without limitation, the named defendants in this action, *to wit,* Health Care Resource Network, LLC ("HCRN"), Laura Bankeroff ("Bankeroff") and Joann Koutsioukis ("Koutsioukis"), as well as their respective servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, guardians, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(o)     The terms "discoverable matter" and "discoverable information" shall mean any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or the defense of the party seeking discovery or to the claim or defense of any other party in this case.

(p)     The term "statement" is (1) a written statement signed or otherwise adopted or approved by the person making it, (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded; and/or (3) any written speech or wording set forth in any kind of medium (e.g., document, Internet post, blog post, text message, private messaging, review and/or any other kind of communication, as previously defined).

(q)     The term "Purchase Agreement" refers to the Membership Interest and Purchase Agreement dated February 10, 2017, a true and accurate copy of which is attached as **Exhibit 1** to the First Amended Complaint.

6

(r)     The term "Bankeroff Note" refers to the Promissory Note dated February 16, 2017 and payable to Bankeroff in the principal amount of $2,182,800.00, a true and accurate copy of which was attached as **Exhibit 3** to the First Amended Complaint.

(s)     The term "Koutsioukis Note" refers to the Promissory Note dated February 16, 2017 and payable to Koutsioukis in the principal amount of $2,182,800.00, a true and accurate copy of which was attached as **Exhibit 4** to the Amended Complaint.

(t)     Collectively, the "Koutsioukis Note" with the Bankeroff Note shall be referred to as the "Seller Notes".

(u)     The term "Pledge Agreement" refers to the document signed by the Parties in which the Plaintiff pledged its acquired membership interests in HCRN in accordance with certain terms and conditions outlined in a Membership Interest Pledge and Security Agreement.  A true and accurate copy of the Pledge Agreement was attached to the First Amended Complaint and incorporated therein as **Exhibit 5**.

(v)     The term "Bankeroff Supplemental Note" refers to the Promissory Note in the amount of $285,641.92 payable to Bankeroff, a true and accurate copy of which was attached as **Exhibit 6** to the First Amended Complaint.

(w)     The term "Koutsioukis Supplemental Note" refers to the Promissory Note in the amount of $285,641.92 payable to Koutsioukis, a true and accurate copy of which was attached as **Exhibit 7** to the First Amended Complaint.

(x)     Collectively, the "Koutsioukis Supplemental Note" with the Bankeroff Supplemental Note shall be referred to as the "Seller Supplemental Notes" or "Supplemental Notes."

(y)     The term "Employment Agreement" refers to the February 10, 2017 Employment Agreement entered into by and between HCRN and Bankeroff, a true and accurate copy of which was  attached as **Exhibit 8** to the First Amended Complaint.

(z)    The term "Second Employment Agreement" refers to the April 26, 2017 Employment Agreement entered into by and between HCRN and Bankeroff, a true and accurate copy of which was attached as **Exhibit 8A** to the First Amended Complaint.

(aa)    "HCRN means Health Care Resource Network, LLC, as well as its servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(bb)    "Vivos Acquisitions, LLC" and/or "Vivos" means Vivos Acquisitions, LLC, as well as its servants, agents, employees, attorneys, trustees, directors, members, principals, officers, employees, partners, predecessors, successors, parent companies, subdivisions, accountants, advisors, attorneys, investigators, assigns, affiliates, trustees, representatives, and all other persons and/or entities purporting to act on its or its attorney's behalf.  This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(cc)    No Interrogatory should be construed to limit the application of these definitions to it or to other Interrogatories, or to limit the scope of other Interrogatories, unless such limit is explicitly stated.

**INTERROGATORIES**

**Interrogatory 1:** Identify all persons, other than persons intended to be called as an expert witness at trial, who are likely to have personal knowledge of any fact or matter alleged in the Complaint or in your response to the Complaint, and identify the subject matter of the personal

8

knowledge possessed by each such person.

Answer:

**Interrogatory 2:** Identify all persons, other than persons intended to be called as an expert witness at trial, who are likely to have discoverable information (other than personal knowledge) of any fact or matter alleged in the Complaint or in your response to the Complaint, and identify the subject matter of the personal knowledge possessed by each such person.

Answer:

**Interrogatory 3:** For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

Answer:

**Interrogatory 4:** If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable.

Answer:

**Interrogatory 5:** Identify all contracts or agreements you entered into with Vivos. Include in your Answer the identity of the parties to each contract, whether it was oral or in writing, the terms of the contract, the identity of the persons who executed the contract, and the effective date(s) of the contract.

Answer:

**Interrogatory 6:** If you contend that Vivos breached any obligations owed to any Defendant pursuant to any enforceable contract, describe each such occurrence, the contract

provision or section breached, the date of such breach, the date you learned of such breach, and how you learned of the breach.

Answer:

**Interrogatory 7:** State the reasons for Defendants' decision to "no longer permit Vivos to use HCRN funds to pay Vivos's obligations under the Promissory Notes" as set forth in page 6 of Defendants' Memorandum in Support of its Motion to Dismiss the Amended Complaint.

Answer:

**Interrogatory 8:** Since 2015, describe in detail your relationship to HCRN, including any positions held, and duties related to HCRN.

Answer:

**Interrogatory 9:** Identify any statements or declarations of interest made by Plaintiff. Include in your answer by whom such admissions were made and describe the content, date, time and place of each such admission, and the names and addresses of each person who is likely to have personal knowledge of the making of such admission.

Answer:

**Interrogatory 10:** Describe in detail the disposition or allocation of all funds received by HCRN pursuant to any contract awarded to HCRN since calendar year 2018.

Answer:

**Interrogatory 11:** Describe in detail your duties and responsibilities since 2017 related to HCRN, including any responsibilities under the Employment Agreement.

Answer:

**Interrogatory 12:** Describe in detail all communications related to the payment of the Seller Notes, including any instructions received from Plaintiff and or its agents concerning the use of HCRN funds to pay the Seller Notes.

10

Answer:

**Interrogatory 13:** For any promissory note made by Plaintiff to you, identify all payments you received related to such note.

Answer:

**Interrogatory 14:** Identify all funds from HCRN that you received since 2017.

Answer:

**Interrogatory 15:** Describe in detail all communications relating to the Employment Agreement, including the substance of each communication, the participants to each communication, the date of each communication, the participants to each communication, the method of each communication, and identify all persons with personal knowledge threof.

Answer:

**Interrogatory 16:** Describe in detail all communications relating to the Second Employment Agreement Employment Agreement, including the substance of each communication, the participants to each communication, the date of each communication, the method of each communication, and identify all persons with personal knowledge thereof.

Answer:

**Interrogatory 17:** Describe in detail all communication relating to the Membership Interest Agreement, including the substance of each communication, the participants to each communication, the date of each communication, the method of each communication, and identify all persons with personal knowledge thereof.

Answer:

**Interrogatory 18:** Describe in detail all communication relating to the Pledge Agreement, including the substance of each communication, the participants to each communication, the date of each communication, the method of each communication, and identify all persons with personal

11

knowledge thereof.

 Answer:

**Interrogatory 19:** For each affirmative defense that you assert, describe the factual and legal basis for that defense.

 Answer:

    Respectfully submitted,

    **VIVOS ACQUISITIONS, LLC,**

    By counsel

By: */s/ Elias G. Saboura-Polkovotsy*
  Elias G. Saboura-Polkovotsy, Esq.
  VSB No. 72256
  **SABOURA, GOLDMAN & COLOMBO, P.C.**
  11200 Rockville Pike
  Suite 405
  N. Bethesda, Maryland 20852
  *esaboura@sabouralaw.com*
  Main: (301) 245 3230
  Direct: (301) 245-3234
  Facsimile: (301) 881-8885
  *Counsel for Plaintiff*

By: */s/ Bizhan Beiramee*
  Bizhan Beiramee, Esq., VSB #50918
  BEIRAMEE LAW GROUP, P.C.
  7508 Wisconsin Avenue, Second Floor
  Bethesda, Maryland 20814
  bbeiramee@beiramee.com
  (301) 547-3805
  (703) 483-9599 Fax
  *Co-Counsel for Vivos Acquisitions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a copy of the foregoing was served via hand delivery

(with courtesy copy via email and first-class mail) to:

Stuart A. Schwager (VSB #36204)
Stuart A. Berman (*pro hac vice*)
**LERCH, EARLY & BREWER, CHTD.**
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
(301) 347-1271 (p
(301) 347-1521 (f)
*saschwager@lerchearly.com*
*saberman@lerchearly.com*

Counsel for Defendants Health Care Resource Network, LLC, Laura Bankeroff, and Joann Koutsioukis

/s/ Bizhan Beiramee
Bizhan Beiramee, Esq., VSB #50918
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Co-Counsel for Vivos Acquisitions, LLC*

13