# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| VIVOS ACQUISITIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:19-cv-1606 (RDA/TCB) |
| HEALTH CARE RESOURCE NETWORK, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Vivos Acquisitions, LLC's ("Plaintiff") Motion to Compel Discovery and Motion for Discovery Sanctions against Defendants Health Care Resource Network, LLC ("HCRN") and Laura Bankeroff ("Bankeroff") (collectively, "Defendants") (Dkt. 46). For the reasons articulated below, Plaintiff's motion is granted in part and denied in part.

### I. RELEVANT BACKGROUND

Discovery in this matter started on January 17, 2020. (Dkt. 9.) On March 6, Plaintiff served its (1) first set of requests for production of documents ("RFPs") on HCRN; (2) first set of interrogatories on HCRN; and (3) first set of interrogatories on Bankeroff. (Dkts. 47-1, 47-2, 47-3.) Plaintiff filed a corresponding certificate of discovery on the docket that same day. (Dkt. 22.) Under Local Civil Rule 26(C), any objections to these discovery requests were due on March 23, and under Federal Rules of Civil Procedure 33 and 34, Defendants' answers were due on April

1

6.[1] On March 13, Defendants apparently sent a proposed discovery confidentiality order to Plaintiff's counsel, but Plaintiff's counsel did not respond.

Then, on April 7, Defendants' counsel sent an email to Plaintiff's counsel stating: "We are now moving into the fourth week of our office being closed, which has disrupted our efforts to respond to your discovery requests." (Dkt. 51 at 6.) The email further asked Plaintiff's counsel to respond to the proposed confidentiality order sent almost one month prior and suggested a telephone conference to "discuss discovery issues more broadly." (*Id.*) Plaintiff's counsel responded, saying that he "missed" the email with the proposed confidentiality order, and defense counsel re-sent it. One week later, Plaintiff's counsel conditionally accepted the proposed confidentiality order. (*See id.* at 6-7.)

In the meantime, Defendants did not serve any objections or answers to Plaintiff's discovery requests by the respective deadlines outlined above. On April 17, Defendants filed an Answer, Counterclaim and Third-Party Complaint (Dkt. 25). That same day, Defendants' counsel wrote to Plaintiff's counsel requesting a meet-and-confer regarding a separate matter, to which Plaintiff's counsel apparently never responded. Then on May 1, Defendants served Plaintiff with their own discovery requests.

Plaintiff sent two letters to defense counsel (the first on May 1 and the second on May 15), asking about Defendants' delinquent discovery responses. (Dkts. 47-4, 47-5.) Defendants' counsel did not respond to those letters. On May 20, Plaintiff's counsel called Defendants' counsel. According to Plaintiff, "Defendants['] counsel refused to provide any commitment regarding compliance with discovery" and "indicated that they would send Plaintiff[] a letter by

---

[1] Plaintiff's counsel states that the responses were due on April 11, but the Court calculates differently. Even if counsel factored in an additional three days under Rule 6(d)—despite serving the discovery via email—the responses would be due on April 8.

2

the following day as to when they [would] provide responses to the propounded discovery." (Dkt. 47 at 4.) Defense counsel also apparently would not "acknowledge that the time for objections had passed[] and claimed that discovery should restart since they had filed a counterclaim and a third-party complaint, which Plaintiff and the Third-Party Defendants have moved to dismiss." (*Id.*) Defendants describe the call differently, stating that Plaintiff's counsel "devoted all of their time to a harangue against Defendants and refused to discuss agreed-upon adjustments to the discovery schedule to reflect the pandemic, the changing procedural posture of the case, or any other issue." (Dkt. 51 at 7-8.)

In the meantime, the parties have continued briefing Plaintiff/Counterclaim Defendant's motion to dismiss the Counterclaim (Dkt. 33) and the Third-Party Defendants' motion to dismiss the Third-Party Complaint (Dkt. 38). Defendants also filed a First Amended Answer, Counterclaim and Third-Party Complaint (Dkt. 49). Finally, the parties filed a Stipulated Discovery Confidentiality Order (Dkt. 42) on May 21, 2020, which the Court approved (Dkt. 44).

As of May 25—the date Plaintiff filed this motion—Plaintiff had not received any discovery responses or Defendants' counsel's promised letter. Plaintiff accordingly filed the instant motion seeking an order (1) compelling Defendants to provide discovery responses; (2) imposing discovery sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii); and (3) awarding Plaintiff its reasonable expenses in making this motion, including attorney's fees. Defendants filed a timely opposition on June 8, (Dkt. 51), and Plaintiff filed a reply on June 10 (Dkt. 52). Discovery closed on June 12, and this matter is now ripe for disposition. (*See* Dkts. 9, 16.)

II. ANALYSIS

A.    **Answers to Interrogatories and Requests for Production**

Plaintiff first requests an order compelling Defendants' discovery responses. Under the relevant Federal Rules of Civil Procedure, parties have thirty (30) days in which to respond to discovery requests. *See* Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production). Further, Local Civil Rule 26(C) requires that any objections to a discovery request must be served within fifteen (15) days after service of the request. L. Civ. R. 26(C). A party's failure to submit timely objections to discovery requests may constitute a waiver of any objections. *See SD3, LLC v. Black & Decker (U.S.), Inc.*, No. 1:14-cv-00191 (CMH/IDD), 2016 WL 4722001, at *4 (E.D. Va. July 29, 2016) ("[F]ailing to serve timely objections to discovery responses may result in waiver of the objections." (citation omitted)).

Here, Plaintiff served its discovery requests on March 6, 2020. As noted above, Defendants had until March 23 to object and until April 6 to respond. As Defendants had yet to object or respond as of May 25, their time in which to object and answer the interrogatories and RFPS has long passed. Defendants' opposition states that they are "working diligently with undersigned counsel to respond comprehensively to Plaintiff's Interrogatories and Document Requests," and indicated that they expect to send signed interrogatory responses "in the next few days." (Dkt. 51 at 8.) Furthermore, Defendants expect to produce responsive documents "during that same time period." (*Id.* at 8-9.)

In the event that Defendants have not already produced their signed interrogatory responses and the responsive documents by the date of this Order, Defendants must provide complete answers to Plaintiff's interrogatories and RFPs, without objection, by Monday, June 22, 2020.

### B. Extension of Discovery

Defendants request a discovery extension in their opposition. Defendants' opposition submits "that this case needs to be reset to permit the pending motions to dismiss the Counterclaim and Third-party Complaint to be decided and for fulsome written and deposition discovery to proceed thereafter." (Dkt. 51 at 14.) Defendants' opposition goes to great lengths to describe the circumstances surrounding COVID-19, of which this Court is aptly aware. Defendants argue that the "delay in preparing the discovery responses for transmittal to Plaintiff's counsel was outside the control of Defendants and their counsel." (*Id.*) Plaintiff does not respond to this request in its reply.

Due to the pandemic, it has not been unusual for parties to agree to discovery extensions (and file a joint motion to that effect), and the Court has routinely granted those requests. Even if circumstances making it difficult to respond to discovery were out of Defendants' control, Defendants' counsel should have sought an extension from the Court if Plaintiff's counsel was not agreeable to one, rather than failing to timely respond to discovery obligations. Defendants' counsel recognized as much in the opposition. (Dkt. 51 at 11 ("With 20/20 hindsight, perhaps Defendants' counsel should have brought the protective order to the Court unilaterally or pursued a request for a formal extension of time.").)

Nevertheless, the Court recognizes that the pandemic undoubtedly made (and will continue to make) discovery more difficult and time-consuming, and Plaintiff's opposition to a discovery extension is unreasonable. Further, the Court is aware that the parties are still litigating various motions to dismiss before the District Judge. It is well settled that district courts have "nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996). Here, it is prudent to extend discovery in this

matter by approximately one month with the hope that counsel will make every effort to cooperate with each other in the future.

    **C.    Sanctions**

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) allows a court to order discovery sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The types of possible sanctions include those listed in Rule 37(b)(2)(A)(i)-(vi), which include:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)     striking pleadings in whole or in part;
> (iv)     staying further proceedings until the order is obeyed;
> (v)     dismissing the action or proceeding in whole or in part; [or]
> (vi)     rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).[2]

Here, Plaintiff requests that the Court enter an order establishing a litany of facts; striking HCRN's counterclaim and Defendants' affirmative defenses; prohibiting Bankeroff from introducing evidence "contravening any payments or instructions to pay any of the promissory notes at issue in the case"; and prohibiting Defendants from "adducing evidence or contradicting that Ms. Bankeroff was empowered, authorized, and instructed to make payments upon the promissory notes in this case." (*See* Dkt. 47 at 11-12.)

---

[2] On the other hand, Federal Rule of Civil Procedure 37(b) governs failure to comply with discovery orders and contemplates the same sanctions. In other words, if a party fails to comply with a court's discovery order, a court "may issue further just orders" imposing the sanctions listed above. Fed. R. Civ. P. 37(b)(2)(A). If Defendants fail to comply with this Order, the Court may consider appropriate sanctions in the future upon Plaintiff's motion.

Defendants argue that the sanctions sought are "ludicrously disproportionate," and state that such sanctions would be "the equivalent of a dismissal of Defendants' claims against Plaintiff" and constitute "determinations that would amount to a default against Defendants HCRN and Bankeroff on the majority of Plaintiff's claims." (Dkt. 51 at 10-11.) Here, the Court agrees with Defendants that Plaintiff's requested sanctions are highly disproportionate to the facts and circumstances before the Court. Because imposing sanctions lies within the Court's discretion under Rule 37, the Court declines to do so at this time.

### D. Reasonable Expenses

Finally, Plaintiff requests that the Court award its reasonable expenses in pursuing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5) and (d)(3). Rule 37(a)(5) contemplates the payment of expenses if a motion to compel is granted. The Rule states: "If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court must not award expenses if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Similarly, Rule 37(d)(3) states that "[i]nstead of or in addition to [the above] sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Again, the Court is cognizant that Defendants' counsel faced difficulties in responding to

discovery because of circumstances surrounding COVID-19 and Maryland's "stay-at-home" orders. Just as the Court found it inappropriate to impose sanctions at this juncture, the Court also finds that awarding Plaintiff's reasonable fees incurred in making this motion would be unjust. Plaintiff's request for reasonable expenses is accordingly denied.

### III. ORDER

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to compel and motion for discovery sanctions (Dkt. 46) is **GRANTED IN PART** and **DENIED IN PART** to the extent that the Court will not impose discovery sanctions against Defendants at this time nor award reasonable expenses. It is further

**ORDERED** that to the extent Defendants have not already provided responses, Defendants must provide complete responses to Plaintiff's interrogatories and RFPs by Monday, June 22, 2020. Finally, it is further

**ORDERED** that discovery in this matter is **EXTENDED** from June 12, 2020 until Monday, July 13, 2020. The final pretrial conference will now be held on Thursday, July 16, 2020 at 10:00 a.m.

Defendants' failure to comply with this Order may result in the Court imposing sanctions pursuant to Federal Rule of Civil Procedure 37(b) against them.

ENTERED this 16th day of June, 2020.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia